```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AURORA DISTRIBUTED SOLAR, LLC,              :
                                            :
                          Plaintiff,        :
                                            :
            -against-                       :      17-CV-2009 (VEC)
                                            :
AKTOR, S.A.,                                :
                                            :      OPINION & ORDER
                          Defendant.        :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/8/17

VALERIE CAPRONI, United States District Judge:

Plaintiff Aurora Distributed Solar, LLC ("Aurora") brings this suit to enforce a guaranty executed by Defendant AKTOR, S.A. ("AKTOR") on behalf of its wholly owned subsidiary, Biosar America, LLC ("Biosar"), which has allegedly defaulted on a contract to construct solar power plants for Aurora. Before Aurora initiated this lawsuit, Biosar commenced an arbitration proceeding against Aurora alleging breach of contract, and Aurora submitted a counter-demand for arbitration against Biosar, also for breach of contract. AKTOR moves to stay this lawsuit pending the arbitration ("Motion"). For the following reasons, AKTOR's Motion is GRANTED.

## BACKGROUND

This dispute arises out of a contract for the design and construction of a large solar power project in Minnesota, comprised of sixteen photovoltaic power plants at sixteen different sites (the "Project"). Compl. ¶ 4 (Dkt. 1-1). On February 4, 2016, Aurora, as owner, and Biosar, as contractor, entered into an Engineering, Procurement, and Construction Agreement to design and construct the Project (the "EPC Agreement"). *Id.* In furtherance of the EPC Agreement, on February 4, 2016, AKTOR, as Biosar's parent company, agreed with Aurora to guaranty Biosar's obligations under the EPC Agreement ("Guaranty"). *Id.* ¶ 6. The EPC Agreement

contains a mandatory arbitration clause stating that "any controversy, claim, or dispute between the Parties arising out of or related to this Agreement . . . shall be submitted for arbitration before a single arbitrator in accordance with the provisions contained herein and in accordance with the JAMS Comprehensive Arbitration Rules." Declaration of John Foust in Support of AKTOR's Motion to Stay the Entire Action Pending Arbitration ("Foust Decl."), Ex. A ¶ 14.2 (Dkt. 8-1). Under the terms of the Guaranty, Aurora may enforce the Guaranty against AKTOR only if Biosar "fails, neglects or refuses to perform any of its [o]bligations as expressly provided in the [EPC] Agreement." *Id.*, Ex. B ¶ 2 (Dkt. 8-2).

Shortly after executing the EPC Agreement, disputes arose between Biosar and Aurora. Aurora claims Biosar failed to comply with its obligations under the EPC Agreement to meet certain Project deadlines, to comply with safety and environmental obligations, and to pay its subcontractors' invoices. Compl. ¶¶ 14-16. To that end, Aurora sent Biosar several notices of default between July and November 2016. *Id.* On the other side of the dispute, Biosar claims that Aurora's interference with the design and construction process resulted in delays and that Aurora refused to pay subcontractors for costs associated with change orders that Aurora allegedly indicated it would pay. Def. Mem. 4-5 (Dkt. 9).

On January 26, 2017, Biosar initiated arbitration against Aurora pursuant to the EPC Agreement, and on February 8, 2017, Aurora submitted a counter-demand. Foust Decl., Ex. C (Dkt. 8-3); *id.*, Ex. D (Dkt. 8-4). Also on February 8, 2017, Aurora filed this action against AKTOR in New York Supreme Court, asking the court to enforce the Guaranty. *Id.*, Ex. E (Dkt. 8-5). Specifically, Aurora wants AKTOR to discharge various subcontractors' liens and reimburse Aurora for costs, damages, payments to subcontractors, and a labor bonus incurred by Aurora due to Biosar's alleged defaults. Compl. ¶¶ 26-36, 38-48, 50-58, 60-69, 71-80, 82-91, 100, 103-08. Aurora also seeks a declaratory judgment that AKTOR's liability under the

2

Guaranty is distinct from any determination made in the arbitration and that AKTOR is liable for any breach of the EPC Agreement by Biosar as determined in the arbitration. *Id.* ¶ 120(j). On March 20, 2017, AKTOR removed the action to this Court, Notice of Removal (Dkt. 1), and promptly moved for a stay pending arbitration.

## DISCUSSION

A trial court has the inherent power to stay proceedings in the interest of saving "time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (quoting *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964)). This discretionary power to stay proceedings should be exercised only in rare circumstances. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Such circumstances include those in which one of the parties is involved in a pending arbitration involving similar issues. *Nederlandse*, 339 F.2d at 441. Courts have consistently granted stays pending arbitration in cases such as this one in order to minimize inconsistent results and conserve judicial resources. *See, e.g.*, *British Marine PLC v. Aavanti Shipping & Chartering Ltd.*, No. 13 CIV. 839 (BMC), 2014 WL 2475485, at *5 (E.D.N.Y. June 3, 2014); *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013); *Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 665 (S.D.N.Y. 2011).

It is the moving party's burden to demonstrate that a stay is justified. *WorldCrisa Corp.*, 129 F.3d at 76. The movant first must establish that "there are issues common to the arbitration and the court proceeding," and that "those issues will be finally determined by arbitration." *Am. Shipping Line, Inc. v. Massan Shipping Indus. Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995) (citing *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991)). If the movant makes the required initial showing, it must then show that it "will not hinder the arbitration, that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not

cause undue hardship to the non-moving parties." *Id.* (citing *Sierra*, 937 F.2d at 750). Although the movant bears that burden, the courts have "substantial discretion to stay . . . the proceedings pending arbitration as a means to promote judicial efficiency and to control their dockets." *Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, No. 09 CIV. 7966 (HB), 2009 WL 5125113, at *3 (S.D.N.Y. Dec. 29, 2009).

AKTOR has satisfied its initial burden as there are common issues which will be finally determined by the arbitration. Aurora's counter-demand for arbitration alleges that Biosar has breached the EPC Agreement because it failed to comply with safety and environmental requirements, meet Project deadlines, and pay its subcontractors. Foust Decl., Ex. D at 2-3. Similarly, the Complaint in this action alleges that Biosar breached the EPC Agreement by failing to meet certain Project deadlines, to comply with safety and environmental obligations, and to pay its subcontractors. Compl. ¶¶ 14-16, 26-28, 38-40, 50-51, 60-62, 71-73, 82-84. AKTOR's liability under the Guaranty hinges on whether Biosar breached the EPC Agreement, which is the central issue in the arbitration. Thus, the arbitrator will make factual determinations regarding Biosar's putative breach of the EPC Agreement that are also necessary to resolve Aurora's claims under the Guaranty. "It is appropriate, as an exercise of the district court's inherent powers, to grant a stay 'where the pending proceeding is an arbitration in which issues involved in the case may be determined.'" *Sierra*, 937 F.2d at 750 (quoting *Nederlandse*, 339 F.2d at 441); *see also British Marine*, 2014 WL 2475485, at *5 (staying litigation on the ground that plaintiff had to prevail in arbitration against the contracting party in order to succeed in litigation on claims against other defendants as guarantors because those claims would be moot if there were no breach of contract in the first instance).

The issue of Biosar's liability for breach of the EPC Agreement is also capable of being finally determined in the arbitration proceedings. Neither party has indicated it will not be bound

4

by the arbitration.[1]  *Cf. Massan*, 885 F. Supp. at 502 (holding the common issue would not be finally determined by the arbitration because the parties indicated they would not be bound by the arbitration).  Moreover, because, as explained above, both the arbitrator and this Court must determine whether Biosar breached the EPC agreement, collateral estoppel is likely to apply in this litigation as to whether Biosar breached the EPC agreement.  *See Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) ("An arbitration decision may effect collateral estoppel in a later litigation or arbitration if the proponent can show 'with clarity and certainty' that the same issues were resolved." (quoting *Postlewaite v. McGraw-Hill, Inc.*, 333 F.3d 42, 49 (2d Cir. 2003))).

AKTOR has also carried its burden with respect to delay and hardship.  Aurora has not asserted that AKTOR will hinder the arbitration, and there is no indication that the arbitration will not proceed in a reasonable time despite Aurora's contention to the contrary.  Pl. Opp. at 15-16 (Dkt. 13).  Both Aurora and Biosar have demonstrated a willingness to cooperate in arbitration, and an arbitrator was appointed as of May 1, 2017.  Def. Reply Br. at 9 (Dkt. 18).  Proceeding with the arbitration will not cause Aurora any undue hardship as Aurora itself agreed to participate in the arbitration and to be bound by its ruling.[2]  Should there be substantial delay

---

[1] Aurora seeks a declaratory judgment from this Court that AKTOR is liable for any breach by Biosar of the EPC Agreement as determined by the arbitrator, Compl. ¶ 120(j), which clearly suggests that Aurora intends the arbitrator's findings to be binding.

[2] Aurora claims it "would be harmed by the issuance of a discretionary stay because it would be deprived of the rights it bargained for that it need not exhaust its remedies against Biosar first before proceeding on the Guaranty and that it may obtain payment from AKTOR under the Guaranty whether or not Aurora has proceeded against Biosar."  Pl. Opp. 16-17 (Dkt. 13).  A stay of this action pending the arbitration does not equate to requiring Aurora to exhaust its rights and remedies against Biosar before proceeding against AKTOR under the Guaranty; rather, the ongoing arbitration, initiated before this lawsuit began, is an efficient means to determine the core factual question whether Biosar failed "to perform any of its [o]bligations as expressly provided in the [EPC] Agreement," Foust Decl., Ex. B ¶ 2. A factual finding on that question is necessary in order to determine whether AKTOR is liable under the Guaranty.  If no arbitration were pending, Aurora could pursue its claims under the Guaranty in this Court, and this Court would determine, in the first instance, whether Biosar breached the EPC Agreement.  It would, however, be a colossal waste of judicial resources to litigate that critical question in federal court when it is already being pursued in arbitration.

in the arbitration, a claim of "undue hardship" by Aurora could then be reconsidered upon a motion to vacate the stay or upon AKTOR's motion for a renewal of the stay. *See Nederlandse,* 339 F.2d at 442. The Court expects, however, that the parties to the arbitration will proceed in good faith.

Ultimately, the decision "to stay litigation among the non-arbitrating parties pending the outcome of arbitration . . . . is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983); *see also Massan* 885 F. Supp. at 502 (decision to issue "a stay is firmly within a district court's discretion"). Here, because the issuance of a stay pending the arbitration will conserve judicial resources and avoid inconsistent outcomes while avoiding prejudice, the Court exercises its inherent power to stay this action pending resolution of the arbitration.

## CONCLUSION

For the foregoing reasons, AKTOR's Motion is GRANTED, and this case is STAYED. Plaintiff's letter motion for oral argument (Dkt. 19) is denied as moot. The Clerk of Court is respectfully directed to close the open motions at docket entries 7 and 19.

Beginning on August 1, 2017, the parties must submit joint semi-annual letters updating the Court on the status of the arbitration.

**SO ORDERED.**

Date: **June 8, 2017**  
**New York, New York**

**VALERIE CAPRONI**  
**United States District Judge**

6